# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JESSICA LOPEZ, | Case No. 10cv978 BTM (BGS) |
|---|---|
| Plaintiff, | **ORDER RE MOTION TO DISMISS** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

Defendant U.S. Bank National Association has filed a motion to dismiss the Complaint [Doc. 5]. For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND[1]

Plaintiff alleges several causes of action related to a $1.275 million purchase-money mortgage she received on June 24, 2008. After signing for the loan, she eventually was unable to make her payments and in August 2009 a notice of default and election to sell was issued, saying she owed $136,998.72 in past due payments.[2] A notice of trustee's sale was recorded in November 2009.

Plaintiff wants to keep her home and cancel the foreclosure. She also wants to have her credit restored, have the loan forgiven in its entirety, and get compensatory, statutory, and punitive damages. She believes she is entitled to this relief because Defendants misrepresented the interest rate on her loan and failed to make several disclosures required

---

[1] The following are allegations in the Complaint and not the Court's factual findings.

[2] Although these allegations are not in the Complaint, the Court has taken judicial notice of the notice of default and election to sell attached to U.S. Bank's motion to dismiss.

by federal law, including notice of her right to rescind the mortgage. She alleges six causes of action, and the Court addresses each of them below.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  See *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  DISCUSSION

U.S. Bank moves to dismiss each of Plaintiff's causes of action, starting with her first claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

**1.     RESPA Claim**

RESPA requires loan servicers to respond to qualified written requests ("QWR"), which are requests for information related to loan servicing, like the outstanding amount due

or the interest rate. *See* 12 U.S.C. § 2605(e). A borrower can also use a QWR to challenge the amount due or try to correct an error by the loan servicer. *See id.* A QWR must be in writing and have enough information so that the servicer can identify the borrower. *Id.* at § 2605(e)(1)(B). If the servicer fails to respond to a QWR, the borrower can seek payment for "any actual damages to the borrower as a result of the failure." *See* 12 U.S.C. § 2605(f). A plaintiff must have suffered actual damages in order to recover under this provision. *Eronini v. JP Morgan Chase Bank NA*, No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) (affirming dismissal of RESPA claim because plaintiff "suffered no damages").

Here, not only has Plaintiff failed to allege she suffered damages, but she nearly fails to allege that she sent a QWR at all. All she alleges is that "Defendants failed to adequately respond to Plaintiff's requests for information regrading the loan." (Compl. ¶ 24.) She does not allege when she sent the QWR, to whom, or what she asked for, and for these reasons fails to state a claim under RESPA.

Plaintiff also alleges a violation of 12 U.S.C. § 2605(c) and (d). Section 2605(c) deals with the transfer of loan servicing duties to a new servicer, and requires the new servicer to give notice to the borrower when the servicing duties have been transferred. And § 2605(d) addresses what happens when the servicer has changed but the borrower continues to send payments to the old servicer. If the payments are made on time to the old servicer, then for the sixty days after the servicing duties were transferred to the new servicer, the new servicer cannot charge any late fees. *See* 12 U.S.C. § 2605(d).[3]

Plaintiff fails to allege a violation of §§ 2605(c), (d). She does not allege when the servicing was transferred, when the new servicer imposed a late fee, how much the late fee was, or any other details regarding the alleged violation. She does not even allege that the servicing was ever transferred at all. And she has not tried to allege that she suffered

---

[3] Section 2605(d) states that "[d]uring the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment."

damages as a result of the alleged failure. *See Eronini*, 2010 WL 737841, at *1 (requiring actual damages for RESPA violation). Conclusory allegations of wrongdoing are insufficient to state a claim, *Iqbal*, 129 S. Ct. at 1949, and Plaintiff's allegations are exactly the type of threadbare claims that the Court is obligated to dismiss.

Plaintiff has not stated a RESPA claim against any Defendant and the Court **DISMISSES** the RESPA cause of action in its entirety.

**2.     TILA Claim**

Plaintiff's second cause of action is for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* A plaintiff can seek two types of remedies under TILA: damages and rescission of the loan. 15 U.S.C. § 1640(a) (damages), § 1635 (rescission). For damages, a plaintiff must file the action within a year of making the loan. 15 U.S.C. § 1640(e). Here, Plaintiff filed her action on May 6, 2010, over a year after she obtained the loan in June 24, 2008, so her claim for damages must be dismissed.[4]

Plaintiff also seeks rescission of her purchase-money mortgage. But purchase-money mortgages, which are mortgages used to finance the initial purchase of property, cannot be rescinded under TILA. *See* 15 U.S.C. § 1635(e)(1) (excluding "residential mortgage transaction" from rescission rights); 15 U.S.C. § 1602(w) (defining residential mortgage transaction as a transaction "in which a mortgage . . . is created . . . against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"). So her rescission claim must also be dismissed.

Plaintiff has failed to state a claim under TILA, and the Court **DISMISSES** the TILA claim in its entirety.

**3.     Negligent Misrepresentation**

Plaintiff also asserts a claim for negligent misrepresentation. "The elements of

---

[4] Although equitable tolling is available for TILA claims, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff has not alleged any facts supporting it.

negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)).

In addition to stating facts for each element, a claim for negligent misrepresentation must be alleged with particularity under Rule 9(b). *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). That means a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). And a complaint cannot lump defendants together; plaintiffs must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

Plaintiff has not done any of this. All of her allegations lump Defendants together and do not say who made the misrepresentations or why the representations were false. For example, she claims that "[a]lthough U.S. BANK, WINNER FINANCIAL, FIRST NATIONAL, and other Defendants made certain representations regarding the LOAN, in actuality, the LOAN was not as represented because . . . it was at a higher interest rate than what was represented," the payments were higher, there was less equity in the home, and there was less money available to Plaintiff than represented. (Compl. ¶ 13.) This allegation, along with the many similar allegations in her Complaint, are too vague and conclusory, and fail to satisfy the requirements of Rule 9(b).

There is another reason to dismiss Plaintiff's negligent misrepresentation claim. One

of the elements of her claim is justifiable reliance: She must have justifiably relied on the alleged misrepresentation. *See Nat'l Union Fire Ins. Co.*, 171 Cal. App. 4th at 50. But she has not shown justifiable reliance because she presumably had access to and signed the loan documents. *Brookwood v. Bank of America*, 45 Cal. App. 4th 1667, 1674 (1996) ("Reliance on an alleged misrepresentation ... is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence. Reasonable diligence requires the reading of a contract before signing it.") Any misrepresentation about what the actual interest rate was would have been dispelled simply by reading the documents she signed.

The Court **DISMISSES** Plaintiff's claim for negligent misrepresentation because she has failed to plead it with particularity and has failed to plead justifiable reliance.

### 4.     Rescission

Plaintiff's fourth cause of action is for rescission. The Court has already dismissed Plaintiff's rescission claim under TILA, a federal law. But rescission is also available under California state law. In order to make a state-law rescission claim, a plaintiff must restore, or offer to restore, to the non-rescinding party all consideration received under the contract. *See* Cal. Civ. Code § 1691(b). Plaintiff has not done so, nor has she demonstrated that she is capable of doing so. This is fatal to her rescission claim, and the Court **DISMISSES** it in its entirety. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (Courts have the power to confirm that a borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits.").

### 5.     Unjust Enrichment

Although Plaintiff also states a claim for unjust enrichment, "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 781 (2003). It is a "general principle, synonymous with restitution, rather than a remedy" in itself. The Court therefore **DISMISSES** Plaintiff's claim for unjust enrichment in its entirety.

*See, e.g., Walker v. Equity 1 Lenders Grp.*, No. 09cv325, 2009 WL 1364430, at *9 (S.D. Cal. May 14, 2009) (dismissing unjust enrichment claim because the claim "is not cognizable under California law").

### 6. Quiet Title

Plaintiff's last claim is one for quiet title. To state a quiet-title claim, California law requires that the complaint be verified and include (1) a legal description and common designation of the property, (2) the title of the plaintiff and its basis, (3) the adverse claims to the plaintiff's title, (4) the date as of which the determination is sought, and (5) a prayer that title is quieted in the plaintiff. *See* Cal. Civ. Proc. Code § 761.020. There is another requirement: if the plaintiff has mortgaged the property, he must discharge the debt before a court will quiet title. *Miller v. Provost*, 26 Cal. App. 4th 1703, 1706 (1994).

Yet again, Plaintiff utterly fails to state her claim. The Complaint is not verified. She does not allege the date as of which the determination of title is sought. And, most importantly, she has not alleged that she discharged her debt. Until she complies with these requirements, her claim fails.

The Court **DISMISSES** Plaintiff's quiet-title claim in its entirety.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** U.S. Bank's motion to dismiss [Doc. 5]. Plaintiff has not stated a single claim against any Defendant, and the Court **DISMISSES** the Complaint in its entirety. Plaintiff may file an Amended Complaint within fourteen days of the filing of this order. If she fails to do so, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

DATED: August 31, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge